SABATHIÉ ET AL., APPELLANTS, *v.* THE REGISTRAR OF PONCE, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Marshal's Deed of Sale.

No. 254.—Decided December 16, 1915.

JUDICIAL SALE—MARSHAL'S DEED—RECORD OF TITLE—JURISDICTION.—A municipal court has jurisdiction to order that the marshal execute a formal deed of sale to real property when the purchaser has duly paid the purchase price and is in possession of the same, so that he may record his title, provided that the amount involved is less than $500 and there is no difficulty in determining the same upon a purely money-value basis.

The facts are stated in the opinion.

*Mr. Leopoldo Tormes* for the appellants.

The respondent registrar did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In 1892 a certain property was sold and delivered by José Latre y Vidal to Victoriana Blanco. The full purchase price of 800 *pesos* appears to have been paid in various instalments, but the formal instrument of conveyance necessary for record of the title so passed was never executed during the lifetime of the parties to the transaction. After the death of both vendor and vendee the succession of the latter obtained a judgment in the Municipal Court of Ponce against the succession of the former, decreeing a formal conveyance which was duly executed by the marshal on October 26, 1914.

Record of this instrument was refused by the registrar of Ponce in an indorsement the pertinent portion of which reads as follows:

"Record of the foregoing instrument is refused * * * inasmuch as the judicial sale is effected pursuant to a judgment of the Municipal Court of Ponce rendered in a suit concerning the execution of an instrument of conveyance as to which municipal courts have no jurisdiction, as provided in section 4 of the law defining their powers and jurisdiction, approved March 10, 1904, under the decision rendered in the case of *Ferraioli* v. *The Registrar*, 21 P. R. R. 477."

The sole ground upon which the ruling of the registrar as to want of jurisdiction in the municipal court was sustained in the Ferraioli case is clearly stated in the opinion of the court delivered by Mr. Justice Aldrey as follows:

"* * * the object of the action was to compel the defendant to apply to a court of competent jurisdiction for a designation of heirs in order that the plaintiff might record in his name a lien which he claimed to hold on the undivided half of a house and lot, which lien appears to have originated in a mortgage security for $500. This being the object of the action, we must concur with the registrar in the conclusion that the subject-matter of the action is not within the jurisdiction of the municipal court which issued the order, inasmuch as section 4 of the Act of March 10, 1904, page 105, defines the jurisdiction of municipal courts in the following language:

" 'Section 4.—Except as provided hereafter in this act, the municipal judges created hereby shall fulfill all the duties which are at present performed by the justices of the peace and municipal judges. He shall have jurisdiction in all civil matters in his district to the amount of five hundred dollars, including interest; * * * '

"According to the wording of this act, there is no doubt that municipal courts only have jurisdiction of civil cases when the subject-matter is capable of being assessed and decided on a money-value basis, provided the amount, including interest, does not exceed $500, and as the present action involves no sum of money but seeks to secure a judgment directing the defendant to apply for a declaration of heirs, it is evident that the court has no jurisdiction of the case or, consequently, to make the order issued, because the action brought is not susceptible of reduction to a money value."

In the case at bar the action in the municipal court was purely and simply to compel the execution of a formal deed of conveyance so as to enable the purchaser of real estate bought for 800 *pesos,* equivalent to 480 dollars, to record his title, the purchase price having been duly paid and the property actually delivered many years ago. There was no suggestion of any other or further proceeding, special or otherwise, to be brought either in the same court or in another court of general and, in many respects, exclusive jurisdiction, affecting other parties, other property or other property interests, in excess of the jurisdictional amount specified in section 4 of the law above quoted, and no difficulty whatever in determining the amount actually involved upon a purely money-value basis.

The case relied upon by the registrar is not in point and the ruling must be

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.